UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE OPERATING ENGINEERS'
LOCAL 324 PENSION FUND, OPERATING ENGINEERS'
LOCAL 324 HEALTH CARE PLAN, OPERATING
ENGINEERS' LOCAL 324 VACATION & HOLIDAY
FUND OF MICHIGAN, OPERATING ENGINEERS'
LOCAL 324 RETIREE BENEFIT FUND, OPERATING
ENGINEERS' LOCAL 324 JOURNEYMAN AND
APPRENTICE TRAINING FUND, INC., and OPERATING
ENGINEERS' LOCAL 324 DEFINED CONTRIBUTION
PENSION PLAN, Trust Funds Established and Administered
Pursuant to Federal Law,

    Plaintiffs,

Case No.: 21-cv-
Hon.

v.

TRI-CITY GROUNDBREAKERS, INC., a Michigan
corporation, and EDW. C. LEVY CO. d/b/a
ACE-SAGINAW PAVING COMPANY, a
Michigan corporation,

    Defendants.
_____
NANCY HARRIS PEARCE (P38323)
DANIEL G. LeVAN (P48776)
Finkel Whitefield Selik
Attorneys for Plaintiffs
32300 Northwestern Highway, Suite 200
Farmington Hills, MI 48334
(248) 855-6500
npearce@fwslaw.com
dlevan@fwslaw.com
_____

**COMPLAINT**

Plaintiffs, by and through their attorneys, Finkel Whitefield Selik, state as follows for their Complaint:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiffs are the Trustees of the Operating Engineers' Local 324 Pension Fund, Operating Engineers' Local 324 Health Care Plan, Operating Engineers' Local 324 Vacation & Holiday Fund of Michigan, Operating Engineers' Local 324 Retiree Benefit Fund, Operating Engineers' Local 324 Journeyman and Apprentice Training Fund, Inc., and Operating Engineers' Local 324 Defined Contribution Pension Plan (the "Funds").

2. The Funds are multiemployer employer benefit plans established under and administered pursuant to Section 302 of the Labor Management Relations Act ("LMRA"), 29 USC § 186; and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 USC § 1001 et seq., with administrative offices in the Township of Bloomfield, Oakland County, Michigan.

3. The Funds are administered by joint Boards of Trustees, half of whom are Employer Trustees appointed by associations of contributing employers and half of whom are Union trustees appointed by Operating Engineers Local 324 ("Union").

4. The Trustees of the Funds, who reside in the State of Michigan, are officially designated and are by law invested with management and control of the

Funds, pursuant to LMRA § 302, 29 USC § 186, and appear in this action as representatives of the participants and beneficiaries of the Funds.

5. Defendant Tri-City Groundbreakers, Inc. ("Tri-City") is a Michigan corporation with its principal offices in the State of Michigan.

6. Defendant Edw. C. Levy Co. d/b/a Ace-Saginaw Paving Company ("Ace-Saginaw") is a Michigan corporation with its principal offices in the State of Michigan.

7. Defendants Tri-City and Ace-Saginaw are employers engaged in commerce and in an industry or activity affecting commerce as defined in § 501(1) and (3) of the LMRA, 29 USC § 142(1) and (3), within the meaning of § 301(A) of the LMRA, 29 USC § 185(A), and within the meaning of § 3(5) of ERISA, 29 USC § 1002(5), and are thus obligated to make contributions to a multi-employer Plan within the meaning of 29 USC § 1145.

8. Jurisdiction in this Court is predicated on § 502 of ERISA, 29 USC § 1132 and § 301 of the LMRA, 29 USC §185.  Additionally or alternatively, pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction over state law claims asserted against Ace-Saginaw.

9. Venue is proper in this District pursuant to § 502(e)(2) of ERISA, 29 USC § 1132(e)(2), as the Funds are administered, the violations took place, and Defendants may be found in this District.

## FACTUAL BACKGROUND

10. The Plaintiffs administer the Funds pursuant to the terms and provisions of the Funds' respective Agreements and Declarations of Trust. The Funds have been established pursuant to a collective bargaining agreement previously entered into between the Union and certain Employers and Employer Associations, whose members employ employees subject to one or more collective bargaining agreements with the Union, and are required to be maintained and administered in accordance with the provisions of the LMRA, ERISA and other applicable state and federal laws.

11. At all relevant times, Defendant Tri-City was a member of the Michigan Union Contractors Group ("MUCG") and was bound to a collective bargaining agreement known as the "Highway, Bridge and Airport Agreement" between MUCG and the Union with a term of April 1, 2019 – May 31, 2024 (hereinafter "Collective Bargaining Agreement" – attached as Exhibit 1).  *See, also,* Operating Engineers Local 324 Pension Fund Agreement and Declaration of Trust – attached as Exhibit 2.

12. Pursuant to the terms and provisions of the Collective Bargaining Agreement, Defendant Tri-City agreed to pay, in addition to wages, employee fringe benefit contributions to the Funds for each employee employed by Tri-City covered by the Agreement.

13. Defendant Tri-City also agreed that, in the event it subcontracted any work covered by the Collective Bargaining Agreement performed on the job site, it would not do so "unless the subcontractor agrees that in the performance of the work [it] will comply with all the rates, terms and conditions and fringe benefit contributions of this Agreement, except Article III" (Exhibit 1, page 42).

14. In May of 2020, Defendant Tri-City entered into a subcontracting agreement with Defendant Ace-Saginaw in which Ace-Saginaw agreed to perform paving work for Tri-City in connection with an ongoing project in which Tri-City was the prime contractor for the Michigan Department of Transportation (hereinafter "Subcontracting Agreement" – copy attached as Exhibit 3).

15. Paragraph 21 of the Subcontracting Agreement between Tri-City and Ace-Saginaw provides that: "In the event that work is performed pursuant to a Subcontract that otherwise would fall within the work jurisdiction and scope of a collective bargaining agreement in force presently between [Tri-City] and a union, Subcontractor agrees that it will comply with all rates, terms and conditions of such collective bargaining agreement, a copy of which shall be provided upon request. Notwithstanding this obligation, in no event will the Subcontractor pay less than the minimum wages as listed or provided in the contract between [Tri-City] and MDOT, or, if the contract does not so provide, the prevailing union rates."

16.     The work performed by Defendant Ace-Saginaw pursuant to the Subcontracting Agreement fell within the work jurisdiction of the Collective Bargaining Agreement.

17.     Defendant Ace-Saginaw did not make the fringe benefit contributions required by the Collective Bargaining Agreement and Subcontracting Agreement.

18.     On February 19, 2021, the Funds sent a letter to Defendant Ace-Saginaw reminding Ace-Saginaw of its obligations and requesting that contributions be made.

19.     To date, Defendant Ace-Saginaw has still not made the required fringe benefit contributions.

20.     Pursuant to the provisions of the Agreements and Declarations of Trust for the Funds, contributions become vested plan assets on the date on which they are due.

21.     Pursuant to the Collective Bargaining Agreement, employers are required to make fringe benefit contribution payments no later than the 15th day of the month following the month in which the hours were worked.

22.     When such submission of payments and contributions are not timely made, the employer is charged with liquidated damages, costs of collection and attorney fees.

23. Pursuant to the Collective Bargaining Agreement, Defendants agreed to maintain accurate books and records of work of its employees covered by the agreement ("Covered Work") and to permit inspection and audit, at the discretion of the Funds, of all books and records necessary to determine whether Defendant was making all contributions required by the Collective Bargaining Agreement or any other purpose deemed appropriate, and to pay all unpaid contributions disclosed in an audit, plus liquidated damages if the audit determined delinquencies in contributions. Records subject to audit expressly include payroll records of all employees, regardless of craft or occupation, and records relating to transactions with subcontractors, along with all other records that the Funds reasonably request.

24. Plaintiffs are entitled as a matter of law to enforce collection of delinquent fringe benefit contributions pursuant to 29 USC § 1132(g)(2) and § 1145 of ERISA.

### COUNT I – Breach of Collective Bargaining Agreement and 29 USC § 1145 by Defendants Tri-City and Ace-Saginaw

25. Plaintiffs hereby incorporate and adopt by reference paragraphs 1 through 24 above as though fully set forth herein.

26. Defendant Tri-City failed to ensure that its subcontractor complied with the fringe benefit obligations of the Collective Bargaining Agreement.

27. Defendant Tri-City violated the Collective Bargaining Agreement and various provisions of ERISA, including but not limited to 29 USC § 1145, and is

7

obligated to make fringe benefit contributions based on the hours worked by its subcontractor, Ace-Saginaw.

28. Defendant Ace-Saginaw breached its obligations by failing to comply with all rates, terms and conditions of the Collective Bargaining Agreement, and therefore violated the Collective Bargaining Agreement and various provisions of ERISA, including but not limited to 29 USC § 1145.

29. The Funds are third party beneficiaries of the Collective Bargaining Agreement.

30. The Funds are without adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendants are ordered specifically to perform all obligations on Defendants' part required to be performed under the Collective Bargaining Agreement and ERISA and are restrained from continuing to refuse to perform as thereunder required.

WHEREFORE, Plaintiffs request that this Court grant the following relief:

A. Order an injunction against Defendants restraining them from continuing violations of the Collective Bargaining Agreement as set forth above;

B. Enter an Order that Defendants open their books and records for a complete payroll audit to determine the amounts owed for Covered Work;

C. Enter a Judgment in favor of Plaintiffs against Defendants for all unpaid fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due to the Funds during the pendency of this action;

D. Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

E. Any such other, further, or different relief as may be just and equitable under the circumstances.

### COUNT II – Breach of Contract by Defendant Ace-Saginaw

31. Plaintiffs hereby incorporate and adopt by reference paragraphs 1 through 30 above as though fully set forth herein.

32. Defendant Ace-Saginaw violated its obligations under the Subcontracting Agreement by failing to comply with all rates, terms and conditions of the Collective Bargaining Agreement.

33. The Funds are third party beneficiaries of the Subcontracting Agreement.

34. The Funds are without adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendant

Ace-Saginaw is ordered specifically to perform all obligations on its part required to be performed under the Subcontracting Agreement and is restrained from continuing to refuse to perform as thereunder required.

WHEREFORE, Plaintiffs request that this Court grant the following relief:

A. Order an injunction against Defendant Ace-Saginaw restraining it from continuing violations of the Subcontracting Agreement as set forth above;

B. Enter an Order that Defendant Ace-Saginaw open its books and records for a complete payroll audit to determine the amounts owed for Covered Work;

C. Enter a Judgment in favor of Plaintiffs against Defendant Ace-Saginaw for all unpaid fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due to the Funds during the pendency of this action;

D. Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

E. Any such other, further, or different relief as may be just and equitable under the circumstances.

## **COUNT III – State Law Breach of Contract by Defendant Ace-Saginaw**

35. Plaintiffs hereby incorporate and adopt by reference paragraphs 1 through 34 above as though fully set forth herein.

36. Defendant Ace-Saginaw violated its obligations under the Subcontracting Agreement by failing to comply with all rates, terms and conditions of the Collective Bargaining Agreement.

37. The Funds are third party beneficiaries of the Subcontracting Agreement.

38. Ace-Saginaw's violations of the Subcontracting Agreement constitute an actionable breach of contract under Michigan state law.

39. The Funds are without adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendant Ace-Saginaw is ordered specifically to perform all obligations on its part required to be performed under the Subcontracting Agreement and is restrained from continuing to refuse to perform as thereunder required.

WHEREFORE, Plaintiffs request that this Court grant the following relief:

A. Order an injunction against Defendant Ace-Saginaw restraining it from continuing violations of the Subcontracting Agreement as set forth above;

B.     Enter an Order that Defendant Ace-Saginaw open its books and records for a complete payroll audit to determine the amounts owed for Covered Work;

C.     Enter a Judgment in favor of Plaintiffs against Defendant Ace-Saginaw for all unpaid fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due to the Funds during the pendency of this action;

D.     Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

E.     Any such other, further, or different relief as may be just and equitable under the circumstances.

                    Respectfully submitted,
                    FINKEL WHITEFIELD SELIK

                    /s/ Nancy Harris Pearce
                    Nancy Harris Pearce (P38323)
                    Daniel G. LeVan (P48776)
                    Attorneys for Plaintiffs
                    32300 Northwestern Highway, Suite 200
                    Farmington Hills, MI 48334-1567
                    (248) 855-6500
                    npearce@fwslaw.com
                    dlevan@fwslaw.com

Dated:  May 11, 2021